**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Presstek, Inc.</u>

    v.                                                Civil No. 05-cv-065-PB

<u>Creo Inc. and Creo Americas, Inc.</u>

**O R D E R**

Plaintiff moves to compel discovery (document no. 28) of four categories of documents. They are considered in order.

1. <u>Compel a search for and production of non-privileged electronic records</u>.

The request for electronic documents was included in each Creo document request. The requests were made on April 27th and responded to on May 27th. The responses included two e-mails. After the deposition of Langlais revealed the inadequacy of the response, an additional 23 e-mails were produced. When pressed, Presstek "discovered" another 2100 pages of e-mails. Langlais admitted that there were also other responsive documents in electronic format.

Whether Presstek was trustworthy or not need not be decided. It is enough that the history of production raises legitimate concerns about the adequacy of the search for responsive electronic documents. Plaintiff is ordered to do such additional

searches and produce such responsive documents to enable it to certify that it has done a thorough search for documents in each and every category of request.  Defendant may depose for up to three (3) hours, at plaintiff's cost, that employee in charge of the searches as to what precisely was done to search for electronic documents.

    2.   <u>Patent File Histories and PearlDry plate documents</u>.

The "histories" of the 705 patent family are public documents, equally available to the parties.  The motion as to the histories is denied.

As to PearlDry plate document production, plaintiff asserts that it has produced additional documents and will complete production by the end of this month.  To assure it keeps that promise it is ordered to do so.

    3.   <u>Identify the claims of the '705 patent allegedly infringed by Creo</u>.

Presstek asserts that it has done so by letter of October 7, 2005.  Presstek's infringement claims are limited to those disclosed on or before October 7, 2005.[1]

---

[1] If subsequent discoveries disclose more infringements they will only be allowed if the fact of later discovery is shown.

4.   <u>Identify and describe Prior Act Printing Plates</u>.

Presstek asserts it has done so and will be held to the response in ¶ 2, Section C, p.10 of its Brief in Response. Document no. 31.

The motion (document no. 28) is granted in part and denied in part and moot in part.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 21, 2005

cc:   Brian G. Arnold, Esq.
      Marc H. Cohen, Esq.
      Kenneth P. George, Esq.
      Robert G. Krupka, Esq.
      Gordon J. MacDonald, Esq.
      James D. Rosenberg, Esq.
      Nick G. Saros, Esq.
      Arpiar G. Saunders, Jr., Esq.
      Michael V. Solomita, Esq.