**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Presstek, Inc.**

**v.** Case No. 05-cv-65-PB
Opinion No. 2007 DNH 078

**Creo, Inc. & Creo Americas, Inc.**

## MEMORANDUM AND ORDER

Creo, Inc. and Creo Americas, Inc. (collectively "Creo") have moved for Leave to File a Motion to Strike Expert Opinions and Evidence pursuant to Federal Rules of Evidence 104(a) and 702. For the reasons set forth below, I grant Creo's motion.

## I. BACKGROUND

The Discovery Plan in this case required the parties to file summary judgment motions by June 30, 2006, submit expert reports on the issues of infringement and invalidity by July 21, 2006, and file any challenges to expert witnesses by September 26, 2006. (Doc. Nos. 46, 54).

In accordance with these deadlines, Creo filed a motion for summary judgment of non-infringement on June 30, 2006. Presstek disclosed the report of its infringement expert, Dr. Samuel Gido, on July 21, 2006. It then relied on Dr. Gido's report in opposing Creo's motion for summary judgment. On August 28, 2006, Creo filed its reply brief in further support of its motion for summary judgment. In the reply brief, Creo challenged Dr. Gido's anticipated testimony, arguing that he did not collect and analyze sufficient, reliable scientific data to support his infringement opinions. (Doc. No. 67 at 13-17).

On September 15, 2006, in response to Creo's criticism of Dr. Gido's report, Presstek filed supplemental expert disclosures, including a second report from Dr. Gido and an additional report from a new expert. On March 30, 2007, I granted in part and denied in part Creo's timely motion to strike these late reports, and allowed the parties to conduct additional discovery regarding Dr. Gido's admissible late opinion. (Doc. No. 114).

Also on March 30, 2007, I issued a separate Memorandum and Order addressing Creo's arguments for summary judgment. As I

explained in the Memorandum and Order, I declined to reach Creo's challenge to the reliability of Dr. Gido's anticipated testimony because Creo had raised the issue for the first time in its reply brief, and, as a result, briefing on the issue was incomplete.[1] I also cited the Reference Manual on Scientific Evidence, 54-56 (2d Ed. 2000), in explaining that the preferred method for presenting such a challenge was by filing a motion to exclude pursuant to Fed. R. Evid. 104(a). I then denied Creo's motion for summary judgment without prejudice to its right to file a motion to exclude Dr. Gido's testimony.

## II. ANALYSIS

Presstek argues that Creo waived its right to file a motion to exclude Dr. Gido's testimony because it failed to do so by the September 26, 2006 deadline established in the Discovery Plan.

The Federal Rules of Civil Procedure "endow trial judges with formidable case-management authority." Rosario-Diaz v.

---

[1] Creo was not at fault for raising the issue for the first time in its reply brief because Presstek did not disclose Dr. Gido's report until after Creo had filed its summary judgment motion.

Gonzalez, 140 F.3d 312, 350 (1st Cir. 1998) (citing Fed. R. Civ. P. 16(b)(2)) (case management decisions are reviewed for abuse of discretion). Broad discretion extends to a trial judge's determination of "how to perform its gatekeeping function under Daubert." Goebel v. Denver & Rio Grande W. R.R. Co., 215 F.3d 1083, 1087 (11th Cir. 2000); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999) (A "trial judge must have considerable leeway . . . in deciding *how* to test an expert's reliability, and to decide *whether or not* special briefing or other proceedings are needed to investigate reliability."). "Nothing prohibits [a trial court] from hearing a Daubert motion during trial," Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir. 2004), or "when asked to rule on a motion in limine, on an objection during trial, or on a post-trial motion." Goebel, 215 F.3d at 1087.

In the present case, Creo presented its challenge to Dr. Gido's anticipated testimony in its reply brief, well before the September 26, 2006 deadline for such challenges established by the Discovery Plan. Although I declined to address its challenge at that time because the issue had not been fully briefed and I

preferred that it be raised in a separate motion to exclude filed pursuant to Rule 104(a), it is clear that Creo substantially complied with its obligation to notify Presstek of its challenge to Dr. Gido's testimony by the deadline established in the Discovery Plan.[2] In any event, Presstek has failed to present a persuasive argument that it would be unfairly prejudiced if I granted Creo's request and I have substantial discretion to control the timing and manner in which evidentiary challenges are presented. To wait until the middle of trial to hear Presstek's challenge to Dr. Gido's testimony would be grossly inefficient and would increase the likelihood that my ruling on the issue would be incorrect. I decline to follow that path. Accordingly, I grant Creo's motion.

## III. **CONCLUSION**

For the reasons set forth, I grant Creo's motion for Leave

---

[2] Presstek argues that Creo's request must be denied because it has failed to demonstrate "excusable neglect" as is required by Fed. R. Civ. P. 6(b). Rule 6(b) is inapplicable, however, because Creo substantially complied with its disclosure obligations when it raised its objections to Dr. Gido's anticipated testimony in its reply brief.

to File a Motion to Strike Expert Opinions (Doc. No. 118). Creo shall filed its motion within 30 days from the date of this Memorandum and Order.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 14, 2007

cc: Brian Comack, Esq.
Kenneth George, Esq.
Michael Kasdan, Esq.
William Lee, Esq.
Gordon MacDonald, Esq.
Nora Passamaneck, Esq.
Lisa Pirozzolo, Esq.
James Rosenberg, Esq.
Arpiar Saunders, Esq.
Michael Solomita, Esq.
S. Calvin Walden, Esq.